UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANTONIO W. SMITH, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6:25-CV-034-CHB |
| v. | ) ) ) | |
| WARDEN LOVETT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Antonio Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Smith indicates that payment of the five dollar filing fee is forthcoming. [R. 1-1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

In his petition Smith complains that in November 2024 a prison guard harassed him by repeatedly "shaking down" his cell. [R. 1, p. 6]. According to Smith, the guard stated that the shakedowns would only stop if Smith told other inmates to stop running to the telephones immediately once the cell block doors were opened. Smith reluctantly attempted to do so, but was attacked by the inmates shortly thereafter, sending him to the hospital. *Id*. at 7. An investigation was conducted, and in December 2024 prison officials recommended that Smith be transferred to another prison. *Id*.

However, despite Smith's complaints about staff misconduct and delay, he had still not been transferred by January 2025. Smith indicates that staff have either refused to accept grievance forms about the issue and/or have not acted upon those grievances that were submitted. *Id.* at 9, 11, 16. He further alleges that recently certain guards have placed him in

segregation; told other inmates that he is a "check-in" (a prisoner who has sought protective custody), putting him at risk; and attempted to put him in a cell with "problematic" inmates. *Id*. Smith expresses concern that staff may be "sabotaging" the food he is given and interfering with his outgoing mail. *Id.* at 13. Smith states that he was not disciplined for any of the conduct described but has been held in segregation since the incident without charge, and officials have not transferred him to another prison. *Id.* at 11. Smith, fearing for his safety, asks the Court to enter an Order recommending his immediate transfer. *Id.* at 17.

Because the events and circumstances about which Smith complains affect only the conditions of his confinement, not the validity of his conviction or the duration of his sentence, they may not be challenged in a habeas corpus proceeding. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citation omitted)); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). The Court must therefore deny the petition and dismiss this action.

If Smith wants to seek judicial intervention regarding his place of confinement, he must file an appropriate ***civil*** action. If all he seeks is injunctive relief—in the form of a court order directing prison officials to transfer him—Smith may file a complaint seeking such relief directly under the Constitution.[1] The Court possesses subject matter jurisdiction over such claim pursuant to the general federal question statute, 28 U.S.C. § 1331, and the plaintiff may seek injunctive relief against the federal agency or officer pursuant to 5 U.S.C. § 702. *Cf. Maehr v. United States Dep't of State*, 5 F. 4th 1100, 1106 (10th Cir. 2021) (citing *Simmat v. U.S. Bureau of Prisons*,

---

[1] If Smith wished to seek money damages for an asserted violation of his constitutional rights, he could invoke the remedy afforded by *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). However, such a claim would almost certainly fail. *Cf. Mosley v. Brewer*, No. CV 7:25-001-KKC, 2025 WL 241119, at *2 (E.D. Ky. Jan. 17, 2025) (citing *Teryaeva-Reed v. Peters*, No. 24-CV-03910-JSW, 2024 WL 3540442, at *2 (N.D. Cal. July 24, 2024)).

413 F. 3d 1225, 1230–35 (10th Cir. 2005)); *Roman v. Wolf*, 977 F. 3d 935, 941 (9th Cir. 2020) (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862–63 (2017)); *Morrison v. Fed. Bureau of Prisons*, No. 19-CV-1838 (CRC), 2021 WL 1209210, at *2 (D.D.C. Mar. 30, 2021). The Court will direct the Clerk to send Smith the appropriate forms if he wishes to take this route. Because Smith is a prisoner, even if he is granted *pauper* status he must pay the $350.00 filing fee in monthly installments.

Unlike in habeas actions, in a civil case the requirement that prisoners exhaust administrative remedies before going to court is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016) ("Mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. Time and again, this Court has taken such statutes at face value— refusing to add unwritten limits onto their rigorous textual requirements." (cleaned up)). However, exhaustion is not required if the grievance process is not "available," including where, for example, "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. Smith's allegations, taken as true, are indicative of unavailability. Alternatively, Smith may be able to obtain administrative review of his allegations from regional BOP officials:

> If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1).

Accordingly, it is **ORDERED** as follows:

1. Antonio Smith's petition, **[R. 1]**, is **DENIED**.

2. This matter is **STRICKEN** from the docket.

3. The Clerk shall send Smith the following blank forms:

    (a) a Civil Rights Complaint Form [EDKY 520 Form];

    (b) an Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

    (c) a Certificate of Inmate Account form [EDKY 523 Form].

This the 28th day of February, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY